[844 NYS2d 713]

In the Matter of ALBERT J. RODRIGUES (Admitted as ALBERT JOSEPH RODRIGUES), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 7, 2007

APPEARANCES OF COUNSEL

*Rita E. Adler,* Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

*Benedict S. Gullo, Jr.,* Mineola, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition containing two charges of professional misconduct. After a pretrial conference and a hearing, Special Referee Bracken sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent also moves to confirm and urges the Court to "exercise its discretion in imposing a lenient and appropriate discipline consistent with the [respondent's] background, his sincere apology for his misconduct, and to continue to give him the opportunity to serve the community and his profession with distinction."

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]), in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2).

The respondent was arrested on or about May 11, 2005, and charged in Criminal Court, Queens County, with criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of marijuana in the fifth degree. He entered a plea of guilty on or about September 6, 2005, before the Honorable Pauline Mullings, to the crime of criminal possession of a controlled substance in the seventh degree, in full satisfaction of all charges against him. The respondent was sentenced to a conditional discharge. A mandatory surcharge in the sum of $160 was imposed and his driver's license was suspended for six months.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2), based on the facts alleged in charge one.

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges of the petition and the motions to confirm submitted by both the Grievance Committee and the respondent are confirmed.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history. In view of the mitigation offered, including the evidence of the respondent's personal difficulties and the immediate and positive steps taken to resolve the problems, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RIVERA, JJ., concur.

Ordered that the motions to confirm the Special Referee's report are granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.